GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
10/7/2021 2:21 PM
DANIELLE F. FORTE, CLERK

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ROSE M. FOWLES, | * |
| Plaintiff, | * |
| v. | * Civil Action File No.: |
| | * SC2021CV001292 |
| THE TJX COMPANIES, INC., a Corporation, | * |
| Defendant. | * |

### COMPLAINT FOR DAMAGES

**COMES NOW**, **ROSE M. FOWLES**, Plaintiff herein, and files this her Complaint for Damages against **THE TJX COMPANIES, INC.,** a foreign corporation, and in support thereof, shows this Honorable Court as follows:

### PARTIES & JURISDICTION

1.

Plaintiff **ROSE M. FOWLES** is a resident of Russell County, Alabama, and hereby submits to the jurisdiction of this Honorable Court.

2.

**THE TJX COMPANIES, INC.** (hereinafter "TJ MAXX") is a Delaware corporation organized for-profit and which maintains a principal office address at 770 Cochituate Road, Framingham, Massachusetts 01701, and may be served with process through its registered agent, C.T. Corporation System, at 289 S. Culver Street, Gwinnett County, Lawrenceville, Georgia 30046-4085, or wherever and however else it may be served under Georgia law. Once duly served, jurisdiction and venue are proper in this Honorable Court as to Defendant **TJ MAXX**.

1

## FACTS

3.

**THE TJX COMPANIES, INC.** is an American department store chain operating more than 1,000 stores over the United States, including in Columbus, Muscogee County, Georgia and **TJ MAXX** is the flagship chain of **THE TJX COMPANIES, INC**. The incident giving rise to Plaintiff's Complaint occurred on October 11, 2019, at the **TJ MAXX** department store operated by Defendant on or near Whittlesey Boulevard, in Columbus, Muscogee County, Georgia.

4.

At all times relevant to the claims made herein, Defendant **TJ MAXX** owned, managed and/or operated the **TJ MAXX** department store located on Whittlesey Boulevard in Columbus, Muscogee County, Georgia.

5.

On October 11, 2019, Plaintiff **FOWLES** entered the Defendant's store located on Whittlesey Boulevard to shop.

6.

Plaintiff **FOWLES** became interested in a hanging "egg chair" and attempted to test the chair by sitting in it.

7.

At the same instant that Plaintiff **FOWLES** sat down, the egg chair tipped over and off of a short platform where it was placed, causing **FOWLES** to suffer injuries to her ankle and other parts of her body.

8.

The platform on which the egg chair was placed for customers of **TJ MAXX** was too small and lacked proper stability for any customer of **TJ MAXX** wishing to test the chair before purchasing it, as the Plaintiff did.

9.

**TJ MAXX** placed the egg chair on the platform, not for future placement on the actual floor, but as a final resting place for display to customers such as Plaintiff **FOWLES** who may be interested in purchasing it.

10.

There were no signs or other warnings, written or verbal, to inform customers such as Ms. **FOWLES** that the chair may fall or otherwise forbidding customers from sitting in the "egg chair" before purchasing it.

11.

As a result of her fall, Plaintiff **FOWLES** sustained an injury to her left ankle including a fracture to her left fibula. Her injuries required surgery on May 5, 2020, followed by physical therapy, walking on crutches, wearing a boot, and other life-limiting recovery.

12.

As a result of her injuries from her fall, Plaintiff **FOWLES** has incurred medical bills in the approximate amount of $35,114.71, as itemized below:

| | |
|---|---|
| The Hughston Clinic | $ 11,018.00 |
| Hughston Surgical Center | $ 21,726.00 |
| Walgreens | $  1,725.71 |
| Heritage Physician Services | $     645.00 |
| Piedmont Physicians at Northside | $ Unknown |
| **Total Known Medical Expenses** | **$ 35,114.71** |

## COUNT I: NEGLIGENCE OF TJ MAXX

13.

Plaintiff hereby incorporates by reference Paragraphs 1-12 as if fully set forth herein.

14.

Defendant **TJ MAXX**, at all times relevant to the claims made herein, owed Plaintiff an affirmative duty to exercise ordinary care in keeping its premises and approaches safe for invitees such as the Plaintiff.

15.

Defendant **TJ MAXX**, at all times relevant to the claims made herein, knew or reasonably should have known of and discovered the hazardous condition and placement of the egg chair, as described in this Complaint, and the dangers it posed to invitees of the premises.

16.

Defendant **TJ MAXX**, at all times relevant to the claims made herein, had actual and superior knowledge of the danger posed by the placement of the egg chair and the unreasonable risk of danger, harm and injury to its invitees.

17.

Defendant's negligence was the sole and proximate cause of Plaintiff **FOWLES'** fall and injuries from her fall on October 11, 2019, and therefore Defendant **TJ MAXX** is liable to Plaintiff **FOWLES** for all of her injuries and damages suffered as a result of her fall.

## DAMAGES

18.

Plaintiff hereby incorporates by reference Paragraphs 1-17 as if fully set forth herein.

19.

As a direct and proximate result of the negligent acts and omissions of Defendant **TJ MAXX,** as described in this Complaint, Plaintiff **FOWLES** has suffered and continues to suffer from substantial and significant injuries, damages, harm and losses, including but not limited to the following:

(a) Significant and permanent bodily injuries;

(b) Past, present and future physical and mental human pain and suffering, mental anguish and anxiety, emotional distress, disruption of normal life, loss of enjoyment of life, and other general and non-economic damages; and

(c) Past, present and future medical expenses.

## DEMAND FOR JURY TRIAL

Plaintiff **ROSE M. FOWLES** hereby demands a trial by jury.

**WHEREFORE,** Plaintiff **ROSE M. FOWLES,** prays upon this Honorable Court for relief as follows:

(a) That summons and process issue against **THE TJX COMPANIES, INC.** and that it be served with a copy of this Complaint as required by law;

(b) That Plaintiff **ROSE M. FOWLES** have and recover judgment against Defendant for general, special and compensatory damages in amounts to be proven at trial and determined by the enlightened conscience of fair and impartial jurors;

(c) That Plaintiff have a trial by jury;

(d) That Plaintiff recover her attorney fees and expenses;

(e) That Plaintiff recover from Defendant all costs of Court; and,

(f)      That Plaintiff have such other and further relief as this Court deems just and appropriate under the circumstances.

**TED D. MORGAN, P.C.**

    /s/ Ted D. Morgan
Ted D. Morgan
Attorney for Plaintiff Rose M. Fowles
Georgia Bar No.: 523099
tdm@tedmorganlaw.com

P.O. Box 2582
Columbus, GA 31902-2582
(706) 317-5733

6