```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

ROSE R. FOWLES,                    *

     Plaintiff,                    *

vs.                                *    CASE NO. 4:21-cv-00198-CDL

TJX COMPANIES, INC.,               *

     Defendant.                    *
```

O R D E R

TJX Companies, Inc. removed this personal injury action from the State Court of Muscogee County asserting diversity of citizenship jurisdiction. Rose Fowles moves to remand the action to state court, arguing that the amount in controversy does not meet the diversity jurisdiction threshold. Because the Complaint demonstrates that the amount in controversy meets the jurisdictional requirement, the Court denies Fowles's motion to remand (ECF No. 6).

FACTUAL ALLEGATIONS

Fowles alleges the following facts in her complaint. The Court must accept these allegations as true for purposes of the pending motion. Fowles seriously injured her ankle and leg in TJX's store while sitting on a display chair that fell off its platform. Her injuries required surgery, physical therapy, and other recuperative measures. Fowles alleges that her past known

1

medical expenses are $35,114.71. She seeks recovery of these past medical expenses as well as unspecified future medical expenses. In addition to her medical expenses, Plaintiff alleges that she is entitled to recover unspecified compensatory damages for "[p]ast, present and future . . . pain and suffering" and emotional distress. Compl. ¶ 19, ECF No. 1-2. TJX argues that it is apparent from the Complaint that the amount in controversy exceeds the $75,000 jurisdictional threshold, given the nature of Fowles's injuries that allegedly required surgery, her allegation that these injuries are permanent and cause ongoing damages, and the amount of her alleged past medical expenses. Fowles disagrees and seeks remand.

## DISCUSSION

Federal courts have original subject matter jurisdiction over civil actions where there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A defendant may remove a state court action to federal courts only if all jurisdictional elements are satisfied, including the amount in controversy. 28 U.S.C. § 1441(a). The removing party has the burden of proving jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When damages are unspecified, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id*.

Where, as here, the removing defendant submits no evidence demonstrating that removal is proper, the Court must determine whether it is facially apparent from the complaint that the amount in controversy exceeds $75,000. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). In making this determination, the Court must consider the particular cause of action chosen by the plaintiff, *id*. at 1065, and it may rely on its "judicial experience and common sense" and make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Id. at* 1061–62 (internal quotation marks omitted) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

Although the Complaint here does not specifically state that Fowles seeks more than $75,000, the Court finds it incredulous that an experienced plaintiff's lawyer would not value this claim at more than $75,000, assuming the allegations in the Complaint are true and making reasonable inferences based on common sense and experience. Of course, the standard for meeting the jurisdictional requirement is not the credulity of Plaintiff's counsel. It is whether the allegations in the Complaint establish that more than $75,000 is in controversy. So let's examine those allegations.

Fowles alleges that she suffered a serious injury to her left ankle that included a fracture to her left fibula. She further alleges that the fracture required surgery, which obviously entailed hospitalization. After surgery, she could ambulate only with the aid of crutches and a therapeutic boot. Her recuperation also involved physical therapy. Her past medical treatment cost at least $35,114.71. Fowles also incurred a physician bill for an "[u]nknown" amount, which would increase these compensatory damages. Compl. ¶ 12. This was no simple sprained ankle. For purposes of the remand analysis, the past medical expenses represent the baseline starting point for determining the amount in controversy.

Fowles also alleges that her injuries are "[s]ignificant and permanent." *Id*. ¶ 19. It is reasonable to infer from this allegation, given the nature of the injury and the past extensive medical treatment, that she contends that she continues to suffer disability, pain and suffering and that these injuries will likely persist into the future. She seeks compensatory damages for this pain and suffering, including the emotional distress associated with her physical suffering. Those damages are not specified with a dollar amount in the Complaint, which is not unusual given that the law authorizes juries to measure such damages using their enlightened consciences. To remand this action, the Court would have to conclude that Fowles's allegations do not reasonably

4

support a claim for $40,000 in past, present and future pain and suffering, an amount nearly equal to her past known medical expenses. The Court's experience and common sense do not permit it to reach such a conclusion. The Court finds the Complaint on its face demonstrates that the amount in controversy exceeds $75,000.[1]

## CONCLUSION

Because the jurisdictional amount is satisfied, Fowles's motion to remand (ECF No. 6) is denied.

IT IS SO ORDERED, this 20th day of January, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The Court's findings should not be misconstrued as some type of settlement evaluation or verdict predictor. They represent a determination of the amount in controversy based solely on the allegations in Plaintiff's complaint, which the Court accepts as true, along with reasonable inferences based on the Court's experience and common sense.

5