IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ROSE M. FOWLES,<br>    Plaintiff,<br>v.<br>THE TJX COMPANIES, INC., a Corporation,<br><br>    Defendants. | Civil Action<br>File No.:     4:21-CV-00198-CDL |

**CONSENT PROTECTIVE ORDER**

For good cause shown and with the consent of the parties,

**IT IS HEREBY ORDERED** as follows:

1.     For the purposes of this Order, "Confidential Information" shall mean any type of classification of information which is designated as CONFIDENTIAL by a supplying person, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or documents or information otherwise produced in discovery.

2.     Any party producing or filing a document or other materials in this action may obtain confidential treatment for the information contained therein pursuant to this Order (a) by typing or stamping on the front of that document, or on the portion(s) of the document for which confidential treatment is desired, "CONFIDENTIAL" or (b) by designating the document as a whole as confidential in writing to opposing counsel prior to or contemporaneously with delivery of the document.

3. When used in this Order, the word "document" means all written, recorded or graphic materials whatsoever and copies thereof (whether identical or not), including, but not limited to, pleadings, motions, briefs, responses to discovery, transcripts of testimony, all records or information compilations made or maintained by electronic, photographic or mechanical means and any other documents as defined in O.C.G.A. § 9-11-34.

4. Any party giving deposition testimony in this action, whether through its officers, employees, directors or otherwise, may obtain confidential treatment therefore pursuant to this Order by designating the testimony deemed confidential either during the deposition or by written notice to the other party within thirty (30) days of receipt of the transcript.

5. Whenever any documents or transcripts afforded confidential treatment pursuant to this Order are introduced as exhibits, or otherwise utilized, in connection with deposition testimony given in this action, counsel introducing such exhibits, or using such information in the examination of a witness, shall advise the reporter that the portions of the testimony which refer thereto and the exhibits themselves shall be afforded confidential treatment pursuant to this Order. The reporter shall mark the face of the transcript with the words "CONFIDENTIAL" and indicate which portions of the transcript are confidential. The portion of the transcript so marked may only be filed under seal.

6. To the extent that any motions, briefs, pleadings, deposition transcripts or other papers to be filed with the Court incorporate documents or information subject to this Order, they must be filed under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be filed and made part of the public record of this proceeding without a motion for impoundment.

7. Information, documents, or testimony designated as confidential shall not be used or disclosed by a receiving party for any purpose other than in connection with this litigation except as otherwise ordered by this Court. The only persons who shall have access to Confidential Information produced hereunder or to the substance thereof shall be Qualified Persons as are defined below.

8. "Qualified Person" as used herein means:

   (a) Attorneys for a party, and employees of such attorneys, who are working directly on this litigation and to whom it is necessary that the information be disclosed for purposes of this litigation;

   (b) Any attorney who is employed as internal counsel for any party to whom it is necessary that the information be disclosed for purposes of work on this litigation and any person working under the direction of such attorney on this litigation;

   (c) Any consulting or testifying expert employed or retained to work directly on this litigation by an attorney of record or party who signs and delivers to the attorney

making such employment or retention a statement in the form of Exhibit A attached hereto;

(d) The parties, through any representative not described in subparagraphs (a) or (b) above who signs and delivers to counsel of record for the party represented a statement in the form of Exhibit A attached hereto;

(e) Deposition and trial witnesses and their counsel of record, but only such confidential information and confidential documents as were written by or to such witness or refer to such witness or his employer, where counsel believes, in good faith, that disclosure is necessary in connection with the examination or preparation of such witness;

(f) To a trial or deposition witness during the course of examination where counsel conducting such examination believes, in good faith, that disclosure is necessary to develop the testimony of such witness;

(g) The Court and its personnel;

(h) Any other person(s) designated as a Qualified Person by Order of this Court, after notice to all parties.

No person to whom documents or information subject to this Order are disclosed pursuant to the provisions of subparagraphs (e) and (f) shall be given a copy of any such documents or information to take from the place of deposition, trial or preparation, nor shall any such person be permitted to make notes of or otherwise

reproduce any such documents or information or be given summaries or compilations of any such documents or information, including any information contained therein or derived therefrom.

**ALL PERSONS TO WHOM CONFIDENTIAL INFORMATION AND/OR DOCUMENTS ARE DISCLOSED ARE HEREBY ENJOINED** from using same except in connection with this action and from disclosing same to any other person, except as provided herein.  No person receiving or reviewing such confidential documents, information or transcripts shall disclose them or their contents to any person other than those described in this paragraph and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9. Any person to whom disclosure is made pursuant to Paragraph 8 of this Order (other than counsel of record in these proceedings and paralegal, secretarial or other personnel regularly employed thereby and assisting in the preparation for trial and trial of this action) shall be advised concerning the terms of this Order and shall be given a copy of this Order.

10. For the convenience of the Clerk of the Court, any document or transcript designated as "CONFIDENTIAL" may, at the option of counsel for any party to this action, be held by counsel under the terms of this Order and not filed under seal with the Court until the time of any hearing in or the trial of this action.  Any document or transcript designated as "CONFIDENTIAL" which is filed with the Court shall be

maintained under seal by the Clerk and shall be made available only to the Court and to counsel for the parties until further Order of this Court.

11.     Whenever a party objects to the designation of documents, transcripts or other information as confidential pursuant to this Order, it may apply to the Court by motion for a ruling that the document, transcript or other materials shall not be so treated after giving ten (10) days' written notice of such objection to the party asserting such confidential treatment.  Until this Court enters an order, if any, changing the designation of the document or transcript, it shall be afforded the confidential treatment provided for in this Order.

12.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be destroyed and a written verification of such destruction shall be provided to counsel for the producing party within the sixty (60) day period.  Any portions of such excluded materials, containing extracts, summaries or compilations taken from materials afforded confidential treatment pursuant to this Order shall be destroyed upon the final termination of this litigation, and a written verification of such destruction shall be provided to counsel for the producing party within said sixty (60) day period.  In order to ensure the parties the ability to enforce this Order after the conclusion of the

litigation, all of the completed statements in the form of Exhibit A collected by each of the attorneys shall be sent to the other party within sixty (60) days after the conclusion of this litigation.

13. In the event any party intends to utilize documents or information subject hereto at any hearing or at trial in this action, that party shall notify counsel which has asserted confidentiality with respect to such materials of such intention, with specificity, five (5) days in advance of the hearing or trial or as soon as otherwise practicable. Counsel asserting confidentiality may then undertake to obtain further orders, agreements or procedures as are necessary to preserve the confidentiality asserted.

14. When Confidential Information is to be presented, quoted or referenced in a deposition, hearing, or at trial, counsel for the offering party or person shall make arrangements (or upon appropriate request the Court shall make arrangements) to ensure that only Qualified Persons are present during such presentation, quotation or reference.

15. Nothing contained herein shall affect or restrict the rights of any party with respect to its own documents or to information obtained or developed independently of documents and transcripts afforded confidential treatment pursuant to this Order.

16. A receiving party shall take reasonable steps to (a) preserve the confidentiality of the Confidential Information of a supplying person or party and (b) to bar access to such information by other than Qualified Persons.

17. This Order is without prejudice to the right of any party to seek modification or amendment of this Order by further Order of this Court, upon motion and notice.

**SO ORDERED**, this 25th day of August, 2022.

_S/Clay D. Land
Clay D. Land, Judge
United States District Court

Prepared and Consented to by:

/S/Robert E. Noble, III
Robert A. Luskin
GA State Bar No.  004383
rluskin@chartwelllaw.com
Robert E. Noble, III
GA State Bar No.  261331
rnoble@chartwelllaw.com
Chartwell Law
5051 Peachtree Corners Cir, Unit 200
Norcross, GA 30092
(470) 397-0950 Phone
(850) 668-7972 Fax
*Attorneys for The TJX Companies, Inc.*

Prepared and Consented to by:

/S/TED D. MORGAN
Ted D. Morgan
*Signed with express permission by Robert A. Luskin*
Ted D. Morgan, P.C.
P.O. Box 2582
Columbus, GA 31902
GA State Bar No.  523099
tdm@tedmorganlaw.com
*Attorney for Plaintiff*